■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER R. EVANS, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered June 14, 1990, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

The underlying facts reveal that at approximately 12:50

A.M. on March 14, 1989, defendant's vehicle was observed by the State Troopers on routine patrol in the "overlook area" of the Taconic State Parkway in the Town of Gallatin, Columbia County. The area was deserted except for defendant's vehicle which was parked backed against the easterly curb edging a wooded area. From the passenger's seat of the patrol car, Trooper Kimberly Adriance observed that defendant's vehicle contained two persons, had no front license plate, no windshield stickers, and its rear window had been broken out. The vehicle was not running and had no lights. This rest area had no bathroom facilities, buildings or lights, other than the illumination provided by the headlights of the patrol car. Trooper Michael Martel, the driver of the marked patrol car, drove it in front of and perpendicular to the parked car and stopped, leaving the lights of the police vehicle on.

Considering all of these circumstances, we do not consider that the actions of the State Troopers were a "stop" that had to be supported by reasonable suspicion. The mere approach by police to an occupied parked vehicle, especially one situated as was defendant's, in order to inquire is a minimal intrusion (see, People v Harrison, 57 NY2d 470, 475), which is not the equivalent of a "stop" (see, People v Heston, 152 AD2d 999, lv denied 76 NY2d 940). The Troopers here had an objective, credible reason to approach and check out the vehicle by inquiry, irrespective of whether they had any indication of criminal activity (see, People v De Bour, 40 NY2d 210, 223). The Troopers subsequent conduct was justified. Their flashlight shining through defendant's car window revealed a tweezer-size gold spoon located on top of a clear plastic bag of a white substance on the hump in the center of the floor of the front seat between the driver and passenger seats. When asked what the bag contained, defendant answered "popcorn and soda" and pulled out another bag. When told by the Trooper that this was not the bag that he referred to, defendant did not answer.

In order to confiscate the material that was observed, defendant was ordered out of his vehicle. The substances that were seized were later identified as 10.19 grams of cocaine and heroin. The passenger in defendant's car was a young woman who told the Troopers that the seized items belonged to defendant. Later, at the State Police barracks, defendant stated that the passenger was not involved with the items taken.

After the seizure of the plastic bag, a further search of the car revealed a bag of green vegetation, later identified as

marihuana. When defendant exited the vehicle, he asked one of the Troopers to get his jacket from the back seat of his vehicle because it was cold. Two "crack vials" and a couple of packages of marihuana were observed when the jacket was retrieved. Defendant was taken to the State Police barracks and charged with criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree. After his suppression motion was denied, defendant entered a guilty plea to criminal possession of a controlled substance in the fourth degree and was sentenced as a predicate felony offender to a term of imprisonment of 3 to 6 years, such sentence to be consecutive to any sentence being served.

Having determined that the initial approach of defendant's vehicle was proper, it follows that the shining of the flashlight into defendant's vehicle was not an unlawful intrusion, given that the entire parking area was unlighted (see, People v Cruz, 34 NY2d 362, 370). The recognition of the items seen on the floor of defendant's vehicle as drug paraphernalia provided the probable cause permitting the seizure of the items (see, People v Hill, 148 AD2d 546). It was not unreasonable to have defendant exit his car so that the items could be taken without reaching over him, and the observations that already had been made by the Troopers provided probable cause that the vehicle would contain additional evidence of a crime (see, People v Mercado, 165 AD2d 910, lv denied 76 NY2d 988). The search was justified to preserve the evidence (see, People v Gokey, 60 NY2d 309, 312). The judgment of conviction should be affirmed.

Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.