THIRD DEPARTMENT, MAY, 1994

(May 5, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JARELD BAILEY, Appellant. [611 NYS2d 372] —Crew III, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered March 4, 1991, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

The issue here is whether the conduct of defendant provided the police with a founded suspicion that criminality was afoot, thus justifying the common-law inquiry undertaken by them. We think not and reverse.

On September 20, 1989, at approximately 8:30 in the evening, defendant, carrying a black bag, alighted from a bus at the Greyhound terminal in the City of Albany. As defendant stepped off the bus, he was observed by City of Albany Police Detective John Burke, who was engaged in a narcotics interdiction action at the terminal. Burke was wearing civilian clothes but had his detective's shield around his neck and visible to the public. Burke was standing in plain view of the bus passengers for the purpose of observing them and gauging their reaction to his presence. Burke's partner, City of Albany Detective Timothy Murphy, was standing nearby with his badge also clearly visible. As the bus passengers disembarked, they were directed by the driver to exit into the terminal through gate 10.

As defendant approached the gate, he made eye contact with Burke, left the line of passengers and entered the terminal through a door to the east of gate 10. This aroused the suspicion of Burke and Murphy and they began to monitor defendant in the terminal. Defendant was then observed putting his black bag on a waiting room seat and walking to a public telephone, which he did several times, sometimes with the bag and sometimes without it. He appeared to Burke to be very nervous. Thereafter, defendant went to the bathroom without his bag, came out of the bathroom, retrieved the bag and reentered the bathroom. At that point Burke and Murphy entered the bathroom, and Burke asked defendant if he was having a problem, to which defendant replied, "No." Burke thereupon explained his purpose for being at the terminal and asked defendant if he could search his bag. Defendant consented to the search and, upon opening the bag, Burke found 127 glassine envelopes containing a white powder, which was later determined to be heroin.

As a consequence, defendant was arrested and later indicted for criminal possession of a controlled substance in the third

and fourth degrees. Defendant moved to suppress the heroin found in the bag, which motion was denied. Defendant has appealed his conviction of criminal possession of a controlled substance in the third and fourth degrees contending, *inter alia,* that County Court erred in denying his motion.

It is now well established that the police have very broad authority to approach individuals and ask questions relating to identity, destination or the reason for an individual's presence in a given area so long as they have an articulable reason for doing so *(see, People v Hollman,* 79 NY2d 181). Where, however, a police officer's questions become accusatory and the inquiry focuses on the possible criminality of the individual approached, such questioning "must be supported by [a] founded suspicion that criminality is afoot" *(supra,* at 191).

Here, the police encounter occurred at a bus terminal known to be visited by drug couriers, and when defendant conspicuously entered the terminal at a gate other than the one directed by the bus driver, Burke and Murphy possessed an articulable reason to request information *(see, People v De Bour,* 40 NY2d 210, 220). However, defendant's conduct was as "susceptible of innocent as well as culpable interpretation" and could not, therefore, generate a founded suspicion that criminality was afoot *(supra,* at 216). Indeed, Burke testified that he had no reason to believe that defendant was carrying contraband at that time. Nor could defendant's conduct in going back and forth to a public telephone and to the bathroom create such a suspicion. Thus, while Burke and Murphy possessed a proper basis to request information of defendant, including the innocuous inquiry as to whether there was any problem, defendant's behavior did not provide the officers with a basis to request a search of his luggage *(see, People v Hollman, supra,* at 194). Because defendant's consent was the product of an improper police inquiry, County Court erred in denying defendant's motion to suppress the evidence found in his bag. Moreover, the record reveals that absent such evidence, the People did not make out a prima facie case and, hence, dismissal of the indictment is appropriate *(see, People v Bouton,* 50 NY2d 130).

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, motion to suppress the heroin found in defendant's bag granted and the indictment dismissed.