■ The People of the State of New York, Respondent, v Recardo Hamilton, Appellant. [802 NYS2d 549]—

Crew III, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered May 16, 2001, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

On November 5, 1998, State Troopers stopped defendant for speeding on Route 9W in the Town of Esopus, Ulster County. A motor vehicle check revealed that defendant's license had been revoked and that there was an outstanding warrant for his arrest for aggravated unlicensed operation of a motor vehicle. As a consequence, defendant was handcuffed and placed under arrest. The troopers then conducted an inventory search of the

vehicle and found a partially burnt marihuana cigarette on the floor next to the driver's seat. Defendant then was taken to the State Police barracks where he was strip searched and found to be in possession of marihuana and cocaine.

Defendant was indicted and charged with criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, criminally using drug paraphernalia and unlawful possession of marihuana. Following an unsuccessful attempt to suppress the drugs found as a result of the strip search, defendant pleaded guilty to criminal possession of a controlled substance in the third degree in full satisfaction of the indictment with the promise he would be sentenced as a second felony offender to a term of imprisonment of 4¹/₂ to 9 years. Following defendant's unsuccessful attempt to renew and reargue his motion to suppress, County Court sentenced defendant as agreed and defendant now appeals.

We reject defendant's contention that County Court improperly denied his motion to suppress the marihuana and cocaine seized as a result of the strip search. A review of the record demonstrates that the initial stop here was justified and, inasmuch as defendant was placed under arrest, the ensuing inventory search of the impounded vehicle in accordance with State Police procedures was both permissible and reasonable (*see People v Ross*, 228 AD2d 718, 718-719 [1996], *lv denied* 88 NY2d 993 [1996]). Finally, based upon their findings as a result of the inventory search, the troopers had a reasonable suspicion that defendant was carrying some form of contraband justifying the strip search at the State Police barracks (*see People v Pierre*, 8 AD3d 904, 906 [2004], *lv denied* 3 NY3d 710 [2004]).

Mercure, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.