■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN L. HILL, Appellant. [816 NYS2d 232]—

Mercure, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered May 7, 2004, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

Following a jury trial, defendant was convicted of criminal possession of a weapon in the third degree and sentenced to 2⅓ to 7 years in prison. Defendant now appeals, arguing that County Court should have granted his motion to suppress the gun. We disagree.

The propriety of encounters initiated by police officers is assessed under the four-tiered analytical framework set forth in *People v De Bour* (40 NY2d 210, 223 [1976]) and later reaffirmed in *People v Hollman* (79 NY2d 181, 184-185 [1992]). As relevant here, "[i]t is well settled that when an officer asks an individual to provide identification or destination information during a police-initiated encounter, the request for information implicates the initial tier of *De Bour* analysis . . . Although police officers have 'fairly broad authority' to approach and pose questions, they may not do so on mere 'whim or caprice'; the request must be based on 'an articulable reason not necessarily related to criminality' " (*People v McIntosh*, 96 NY2d 521, 525 [2001] [citation omitted]). The evidence presented at the suppression hearing established that the Troopers had an "objec-

tive, credible reason" to request information relating to defendant's identity based upon their observation of him waiting in the driver's seat of a car parked in an unusual manner towards the rear of a convenience store during the late evening hours at a time when there had been a number of robberies at area convenience stores (*id.* at 525; *see People v Bailey*, 204 AD2d 751, 753 [1994]).

The Troopers, who had observed defendant operating the vehicle 15 to 20 minutes earlier, became possessed of a level of suspicion sufficient to permit further inquiry into the validity of defendant's license when he produced only a nondriver identification card and initially denied that he had driven the vehicle (*see People v De Bour, supra* at 223; *compare People v Hogencamp*, 295 AD2d 808, 810 [2002]). Upon learning that defendant's driving privileges had been suspended, the Troopers had probable cause to believe that defendant had committed a crime (*see People v Ross*, 228 AD2d 718, 719 [1996], *lv denied* 88 NY2d 993 [1996]). The ensuing frisk of defendant, during which an ammunition clip was discovered in his pocket, was permissible as a search incident to arrest (*see People v Canal*, 24 AD3d 1034, 1035 [2005]). Further, the discovery of the ammunition clip on defendant's person and defendant's unsolicited statement that there was a gun in the trunk provided justification for the Troopers' search of the vehicle (*see People v Brown*, 24 AD3d 884, 886 [2005], *lv denied* 6 NY3d 832 [2006]), and in any event the inventory search of the impounded vehicle was both permissible and reasonable (*see People v Hamilton*, 22 AD3d 879, 880 [2005]).

Finally, defendant's conviction based upon legally sufficient evidence at trial precludes his argument concerning the sufficiency of the evidence before the grand jury (*see People v Smith*, 7 AD3d 917, 918 [2004], *lv denied* 3 NY3d 681 [2004]; *People v Civitello*, 287 AD2d 784, 786 [2001], *lv denied* 97 NY2d 703 [2002]). Inasmuch as he failed to raise before County Court the specific contention now advanced before us, defendant's remaining argument relating to the admissibility of the certificate of disposition is unpreserved for our review.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.