■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER A. WRIGHT, Appellant. [891 NYS2d 298]—

Mercure, J.P.

Defendant was charged in an indictment with one count of criminal possession of a weapon in the second degree. The charge arose out of a June 2007 incident in the City of Binghamton, Broome County, wherein a police officer observed an occupant of a parked vehicle emerge and urinate in public, then throw a container out of the vehicle's window onto a nearby lawn. That officer obtained the assistance of two other police officers, and the three sought to inquire into the behavior of the vehicle's occupants. As the officers neared the vehicle, they observed through its windows open beer bottles, a small bag of marihuana and an object in a pillowcase that appeared to be a larger "brick" of marihuana. The occupants were asked to exit the vehicle, and one of the officers sought and allegedly obtained the permission of defendant, the vehicle's owner, to search it. The search disclosed a loaded handgun that defendant admitted was his. Following a suppression hearing, County Court rejected defendant's effort to suppress the seized handgun. Defendant thereafter pleaded guilty to the charge in the indictment and was sentenced to a prison term of $3^{1}/_{2}$ years and postrelease supervision of five years. He appeals, arguing that County Court's suppression ruling was in error, and we affirm.

Defendant concedes that the officers, given the prior observed conduct of the vehicle's occupants, were entitled to approach and ask them what they were doing (*see e.g. People v Evans*, 175 AD2d 456, 457 [1991], *lv denied* 79 NY2d 856 [1992]). While making that inquiry, the officers observed marihuana in plain view through the vehicle's windows. The officers accordingly had probable cause to both detain the vehicle's occupants and to search the vehicle, irrespective of the validity of defendant's

consent to conduct that search (*see People v Beriguette*, 84 NY2d 978, 980 [1994]; *People v Carter*, 60 AD3d 1103, 1105 [2009], *lv denied* 12 NY3d 924 [2009]; *People v Dobere*, 298 AD2d 770, 772 [2002]; *People v Evans*, 175 AD2d at 458). As such, County Court properly denied defendant's motion to suppress.

Peters, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.