■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH D. STORY IV, Appellant. [917 NYS2d 403]—

Rose, J. Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered May 12, 2009, upon a verdict convicting defendant of the crime of driving while intoxicated (two counts).

A state trooper observed defendant's truck parked on the side of a rural highway at night with someone hunched over outside the passenger side of the truck. The trooper pulled behind the truck with his emergency lights activated and, as he approached the truck on foot, defendant got out of the driver's seat and walked back to meet him. During the course of a conversation with defendant, the trooper became aware of various signs that defendant was intoxicated. Defendant was arrested and convicted of two counts of driving while intoxicated. He now appeals and we affirm.

Defendant contends that all evidence of his intoxication should have been suppressed because the arresting officer approached the vehicle out of mere curiosity, without any articulable and justifiable reason to approach and request information. It is well settled, however, that police officers may approach an individual for basic inquiry provided there is an objective credible reason to do so, not necessarily indicative of criminality (see People v Hollman, 79 NY2d 181 [1992]; People v De Bour, 40 NY2d 210, 223 [1976]; People v Savage, 59 AD3d 817, 819 [2009], lv denied 12 NY3d 920 [2009]). Here, the trooper testified that, upon observing the passenger hunched over alongside the truck, he approached in order to "make sure everything was okay." Deferring to County Court's credibility determination (see People v Tillery, 60 AD3d 1203, 1205 [2009], lv denied 12 NY3d 860 [2009]), we agree that the trooper had a justifiable reason to approach the vehicle and inquire, even absent any indicia of criminality (see People v Bennett, 70 NY2d 891, 893 [1987]; People v Robinson, 309 AD2d 1228, 1228-1229 [2003], lv denied 1 NY3d 579 [2003]; People v Evans, 175 AD2d 456, 457 [1991], lv denied 79 NY2d 856 [1992]).

Defendant's remaining contention, that he was deprived of a fair trial by comments of the prosecutor during voir dire and

summation, is likewise without merit. Reversal based on prosecutorial misconduct is warranted if the misconduct is such that the defendant suffered substantial prejudice, resulting in a denial of due process (*see People v Shutter*, 72 AD3d 1211, 1214 [2010], *lv denied* 14 NY3d 892 [2010]; *People v Weber*, 40 AD3d 1267, 1268 [2007], *lv denied* 9 NY3d 927 [2007]). In reviewing claims of misconduct, courts will consider the severity and frequency of the conduct, whether the court took appropriate action and whether the result would have been the same absent the conduct (*see People v Molano*, 70 AD3d 1172, 1176 [2010], *lv denied* 15 NY3d 776 [2010]; *People v Diotte*, 63 AD3d 1281, 1282 [2009]; *People v De Vito*, 21 AD3d 696, 700 [2005]). Here, the isolated comments of the prosecutor during voir dire and summation, while improper, were met with sustained objections and immediate curative instructions. Given the fleeting nature of the comments, the thorough and appropriate curative instructions, as well as the overwhelming evidence of guilt, we conclude that defendant was not deprived of a fair trial.

Mercure, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.