Aarons, J.
 

 Appeal from a judgment of the Supreme Court (Breslin, J.), rendered March 28, 2016 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
 

 On June 3, 2015, at approximately 1:30 a.m., police officers stopped defendant, who was walking in the street, after observing him engage in a drug transaction. Defendant was patted down and a loaded handgun was found on him. Defendant was subsequently charged in an indictment with criminal possession of a weapon in the second degree in connection with this incident. Following a suppression hearing, Supreme Court denied defendant’s motion to suppress, among other things, the seized handgun. Defendant thereafter pleaded guilty to attempted criminal possession of a weapon in the second degree and waived his right to appeal except with respect to the denial of his suppression motion. In accordance with the terms of the guilty plea, Supreme Court sentenced defendant, as a second violent felony offender, to a prison term of six years, followed by five years of postrelease supervision. Defendant appeals. We affirm.
 

 A police officer may approach an individual and request basic information from the individual in a nonthreatening manner so long as the officer has an objective, credible reason not necessarily indicative of criminality (see People v Hollman, 79 NY2d 181, 184 [1992]; People v Story, 81 AD3d 1168, 1168 [2011]; People v Hill, 30 AD3d 687, 687 [2006]). The common-law right of inquiry by a police officer—a greater level of intrusion than the request for basic information—is permitted when there is a founded suspicion that criminality is afoot (see People v Garcia, 20 NY3d 317, 322 [2012]; People v Hollman, 79 NY2d at 184-185; People v Savage, 59 AD3d 817, 820 [2009], lv denied 12 NY3d 920 [2009]). “[W]e accord great weight to the suppression court’s factual findings that are supported by the record” (People v Morris, 105 AD3d 1075, 1077 [2013], lv denied 22 NY3d 1042 [2013]).
 

 We conclude that the police officers had an objective, credible reason to initially request basic information from defendant. At the suppression hearing, the People primarily relied on the testimony of two police officers. One officer testified that, while in an area known for narcotics trafficking, he observed defendant “abruptly change [ ] his course of direction” once defendant saw the marked patrol car. After the patrol car passed him, defendant turned around for a second time and continued walking in his original direction. The other officer testified that he saw defendant approach a person, who was known as a drug dealer, and that he saw a “quick movement of the hand” between them. Based upon his training and experience, the officer believed this was a hand-to-hand drug transaction. The officers then approached defendant and asked for identification. Under these circumstances, we find that the police officers’ initial inquiry was justified (see People v Story, 81 AD3d at 1168; People v Wyatt, 14 AD3d 441, 441 [2005], lv denied 4 NY3d 837 [2005]; People v Bailey, 204 AD2d 751, 753 [1994]).
 

 We further conclude that the police officers had a founded suspicion of criminal activity for the level two intrusion. The officer testified that, after asking defendant for identification, defendant appeared “extremely nervous” and “start[ed] to shake.” He then asked defendant if it would be okay to pat him down, to which defendant responded, “[Y]es, sir.” The officer patted defendant down and discovered a handgun. In view of this and taking into account the officers’ observations of the drug transaction, the record supports Supreme Court’s determination that the officers’ actions were proper (see People v Sylvain, 33 AD3d 330, 331 [2006], lv denied 7 NY3d 904 [2006]; People v Williams, 300 AD2d 684, 685 [2002], lv denied 99 NY2d 654 [2003]; see generally People v Simmons, 30 NY3d 957, 958 [2017]). Given the officers’ founded suspicion, we also find that the request to search defendant, which defendant consented to, was proper (see People v Oldacre, 53 AD3d 675, 676-677 [2008]). To the extent that defendant testified to the contrary at the suppression hearing, we defer to Supreme Court’s factual findings and credibility determinations (see People v Portelli, 116 AD3d 1163, 1164 [2014]; People v Morris, 105 AD3d at 1077). Accordingly, we find no error in the denial of defendant’s motion to suppress.
 

 Peters, P.J., Garry and Mulvey, JJ., concur.
 

 Ordered that the judgment is affirmed.