People v Grays (2020 NY Slip Op 00002)





People v Grays


2020 NY Slip Op 00002


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

109330

[*1]The People of the State of New York, Respondent,
v
Roegester Grays, Appellant.

Calendar Date: November 12, 2019

Before: Garry, P.J., Egan Jr., Lynch and Aarons, JJ.


Eric K. Schillinger, Albany, for appellant.
Brooks Baker, District Attorney, Bath (John C. Tunney of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered November 28, 2016, convicting defendant upon his plea of guilty of the crime of aggravated unlicensed operation of a motor vehicle in the first degree and the violation of driving while ability impaired by alcohol.
In 2012, a deputy with the Chemung County Sheriff's Office saw defendant pull into a parking lot after midnight. Upon returning to the area approximately 20 minutes later, the deputy saw defendant's car in that parking lot, with the brake lights on and the engine running. The deputy parked his vehicle, approached the driver's side window on foot, and discovered defendant with his face down on the steering wheel. Two knocks upon the window roused defendant, and the deputy noticed his "glossy" eyes. As defendant rolled the window down, the deputy smelled alcohol. Upon request, defendant provided a Pennsylvania driver's license. The license indicated that defendant's vehicle required an ignition interlock system, but no such system had been installed. Further investigation revealed that defendant also held a suspended New York driver's license. Defendant failed three field sobriety tests and was then arrested.
In 2013, defendant was charged with criminal offenses in a four-count indictment. He moved, among other things, to suppress his statements to the deputy, claiming that they were involuntary and in violation of his constitutional rights. County Court denied the motion following a hearing and placed the matter on the trial calendar. Thereafter, defendant was convicted upon unrelated charges in Pennsylvania, and sentenced to a prison term of 20 to 40 years. In 2016, defendant was extradited to New York to face the 2013 charges. He ultimately pleaded guilty to aggravated unlicensed operation of a motor vehicle in the first degree and driving while ability impaired by alcohol in full satisfaction of the indictment, and was sentenced to terms of incarceration of 1&frac13; to 4 years upon the felony charge and 15 days upon the violation, to run concurrently with each other and with his Pennsylvania sentence. Defendant appeals.
Defendant contends that his constitutional right to a speedy trial was violated by the passage of approximately 3½ years between his indictment and his guilty plea. Although defendant's constitutional right to a speedy trial survives his guilty plea, "this argument is unpreserved for our review given defendant's failure to raise this issue before County Court in the first instance" (People v Shufelt, 161 AD3d 1451, 1452 [2018], lv denied 32 NY3d 1008 [2018]; see People v Gerald, 153 AD3d 1029, 1030 [2017]; People v Archie, 116 AD3d 1165, 1165 [2014]). The record thus lacks adequate development to establish the facts underlying the delay in extradition (see People v Grumberg, 153 AD3d 1525, 1527 [2017]; People v Gardiner, 159 AD3d 1233, 1234 [2018], lv denied 31 NY3d 1082 [2018]). If the issue were properly before us, we would not find that the other pertinent factors favor defendant's application (see People v Taranovich, 37 NY2d 442, 445 [1975]; People v Pope, 96 AD3d 1231, 1233 [2012], lv denied 20 NY3d 1064 [2013]). Defendant was not incarcerated on the pending charges, and his choice to change counsel early in the action significantly undermines his claim of prejudice arising from the delay.
Defendant further contends that County Court improperly denied his motion to suppress, relying upon the deputy's suppression hearing testimony that he was "unsure" what he would find as he approached defendant's vehicle, and thus arguing that the deputy did not "believe that criminal activity [was] afoot" when he initiated contact with defendant (Tetreault v State of New York, 108 AD2d 1072, 1073 [1985]; see generally People v DeBour, 40 NY2d 210, 223 [1976]; Terry v Ohio, 392 US 1, 30-31 [1968]). However, "[t]he mere approach by police to an occupied parked vehicle, especially one situated as was defendant's, in order to inquire is a minimal intrusion, which is not the equivalent of a 'stop'" (People v Evans, 175 AD2d 456, 457 [1991] [internal citation omitted], lv denied 79 NY2d 856 [1992]). Such a minimal intrusion must be "supported by an objective, credible reason, not necessarily indicative of criminality" (People v Hollman, 79 NY2d 181, 184 [1992]; see People v DeBour, 40 NY2d at 223). When such an articulable reason exists, the stopped individual can be asked "briefly about his or her identity, destination, or reason for being in the area" (People v Hollman, 79 NY2d at 191; see People v Story, 81 AD3d 1168, 1168 [2011]).
Here, the deputy testified that defendant was parked in an area where no businesses were open at that time of night and where an armed robbery and several burglaries had recently occurred. The deputy returned approximately 20 minutes later and found defendant's car in the same area with the engine running and brake lights on, with no other cars nearby. The deputy further testified that when he arrived at the driver's side door, he viewed defendant with "[h]is head against the steering wheel, facing towards the window, with his eyes closed and motionless," thus prompting the deputy to ask if defendant needed medical assistance. The circumstances clearly presented an articulable reason for the deputy to initiate contact with defendant (see People v Story, 81 AD3d at 1168; People v Evans, 175 AD2d at 457; compare Tetreault v State of New York, 108 AD2d at 1073). Considering these circumstances and deferring to County Court's credibility determinations, we find that the court properly denied defendant's motion to suppress (see People v Jones, 156 AD3d 960, 961 [2017], lv denied 30 NY3d 1116 [2018]; People v Story, 81 AD3d at 1168).
Egan Jr., Lynch and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.