People v Person (2020 NY Slip Op 03278)





People v Person


2020 NY Slip Op 03278


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Richter, J.P., Manzanet-Daniels, Kapnick, Kern, Oing, JJ.


11634 266/15

[*1] The People of the State of New York, Respondent,
v
Thomas Person, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kyle R. Silverstein of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J. at speedy trial motion; April A. Newbauer, J., at plea and sentencing), rendered June 7, 2018, convicting defendant of attempted sexual abuse in the first degree, and sentencing him, as a second felony offender, to a term of 4 years with 15 years' postrelease supervision, unanimously affirmed.
The principal issue presented on this appeal is whether a recent amendment to the speedy trial statute, which grants a defendant who has pleaded guilty the right to raise a statutory speedy trial claim on appeal, also precludes a waiver of that right. We conclude that under this amendment, appellate review of the denial of a statutory speedy trial motion is no longer forfeited by a guilty plea, but such review may be voluntarily waived.
Initially, we find that defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 2019 NY Slip Op [2019]; People v Bryant, 28 NY3d 1094, 1096 [2016]). The court's oral colloquy with defendant, when viewed as a whole, and in connection with a detailed written waiver, carefully separated the right to appeal from the rights automatically forfeited by a guilty plea, and otherwise satisfied the requirements of a valid waiver. Furthermore, the waiver was comprehensive and intended to encompass all waivable issues (see People v Kemp, 94 NY2d 831, 833 [1999]).
Formerly, a defendant who pleaded guilty automatically forfeited appellate review of a denial of a statutory speedy trial motion, as opposed to a constitutional claim (People v Suarez, 55 NY2d 940, 942 [1982]). The new version of CPL 30.30(6) provides that "an order finally denying a [30.30] motion to dismiss . . . shall be reviewable upon appeal from an ensuing judgment of conviction, notwithstanding the fact that such judgment is entered upon a plea of guilty."
Defendant relies heavily on the phrase "shall be reviewable," arguing that it renders review of a 30.30 issue mandatory and therefore nonwaivable. While this phrase clearly creates a reviewability that did not previously exist, the reviewability of an issue does not render it nonwaivable. On the contrary, the general purpose of an appeal waiver is to serve as an agreement not to raise otherwise reviewable issues on appeal. "A defendant's decision to waive appeal does not interfere with the court's jurisdiction, however; it is simply a decision not to invoke the court's review power" (People v Seaberg, 74 NY2d 1, 9-10 [1989]).
We note that review by the Appellate Division of the claimed excessiveness of a sentence, even where a defendant has pleaded guilty and agreed to a particular sentence, is mandated not only by statute but also by the State Constitution (People v Pollenz, 67 NY2d 264, 267-268 [1986]; People v Thompson, 60 NY2d 513, 520 [1983]). Nevertheless, a defendant is free to voluntarily relinquish this otherwise mandatory review by validly waiving the right to appeal (People v Lopez, 6 NY3d 248, 255 [2006]). Similarly, the phrase "shall be reviewable" in CPL 30.30(6) unequivocally directs that appellate review of a 30.30 claim shall no longer be forfeited by a guilty plea, but neither that phrase, nor any other language in the statute, precludes a voluntary waiver.
Regardless of whether defendant made a valid waiver of his right to appeal, and whether that waiver forecloses the issues raised on this appeal, we find those issues unavailing. With regard to periods excluded because of the victim's serious illness (see CPL 30.30[4][g]; People v Goodman, 41 NY2d 888, 889 [1977]), we find that the People met their burden of providing satisfactory proof that the victim, a cancer patient, was medically unavailable despite diligent efforts. The remaining periods at issue, even if included and added to the undisputedly includable time, would not be enough to require dismissal; in any event, the court properly excluded those periods.
Likewise, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK