People v Acosta (2020 NY Slip Op 07466)





People v Acosta


2020 NY Slip Op 07466


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Friedman, J.P., Kapnick, Webber, Kern, Singh, JJ. 


Ind No. 3559/16 Appeal No. 12580A Case No. 2018-4665 

[*1]The People of the State of New York, Respondent,
v
Jose Acosta, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgment, Supreme Court, New York County (Ellen N. Biben, J., at speedy trial motion and plea; Ann E. Scherzer, J., at sentencing), rendered June 8, 2018, as amended June 26, 2018, convicting defendant of criminal possession of a controlled substance in the fourth degree and attempted criminal possession of a weapon in the second degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony offense, to concurrent terms of 5½ years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied __ US __, 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094, 1096 [2016]). The combination of the court's oral colloquy with defendant, and the detailed written waiver that he signed after consultation with counsel, separated the right to appeal from the rights automatically forfeited by a guilty plea and satisfied the requirements of a valid waiver. The waiver was comprehensive and intended to encompass all waivable issues (see People v Kemp, 94 NY2d 831, 833 [1999]).
As this Court recently held in People v Person (184 AD3d 447 [1st Dept 2020], lv denied 35 NY3d 1069 [2020]), under the recent amendment to the speedy trial statute, "appellate review of the denial of a statutory speedy trial motion is no longer forfeited by a guilty plea, but such review may be voluntarily waived" (id. at 447).
Regardless of whether defendant made a valid waiver of his right to appeal, and whether that waiver forecloses the issues raised on this appeal, we find that defendant's speedy trial motion was properly denied. Finally, we perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020