People v Votaw (2021 NY Slip Op 00341)





People v Votaw


2021 NY Slip Op 00341


Decided on January 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

112357

[*1]The People of the State of New York, Respondent,
v
Jonathan Votaw, Appellant.

Calendar Date: January 6, 2021

Before: Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Steven M. Sharp, Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered May 17, 2019 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In 2018, a state trooper made a traffic stop of a vehicle driven by defendant, the sole occupant, who was operating the vehicle without a license. A subsequent K-9 search of the vehicle resulted in several alerts for narcotics. Among other things, a cell phone on the vehicle dashboard was found with a quantity of heroin secreted in the battery compartment. Hidden behind the center console, troopers also found a plastic bag containing waxed baggies of heroin and a plastic bag containing a substance that field-tested positive for cocaine. Defendant was arrested and charged by indictment with two counts of criminal possession of a controlled substance in the third degree based upon his possession of cocaine, and criminal possession of a controlled substance in the third and seventh degrees based upon his possession of heroin.
Defendant moved to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30). The People opposed the motion, indicating that a superseding indictment was expected shortly based upon forensic laboratory results establishing that the substance that had field-tested positive for cocaine was heroin. The People thereafter obtained a six-count superseding indictment on February 1, 2019, charging defendant with four counts of criminal possession of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the seventh degree — all of which were based upon his possession of heroin in the vehicle. Supreme Court then denied defendant's motion to dismiss the original indictment, finding that the People's April 12, 2018 declaration of readiness for trial at the arraignment on that indictment had not been illusory.[FN1]
Pursuant to a negotiated agreement, defendant, in 2019, pleaded guilty to criminal possession of a controlled substance in the third degree under count 3 of the superseding indictment, admitting that he had knowingly possessed the heroin found in the cell phone battery compartment with the intent to sell it. Under the terms of the plea agreement, defendant withdrew all motions, waived further hearings on his pending motions and was required to waive his right to appeal. In exchange, Supreme Court imposed the agreed-upon six-year prison sentence to be followed by three years of postrelease supervision, as an acknowledged second felony offender. Defendant appeals.
We affirm. Contrary to defendant's arguments, his combined oral and written waiver of appeal was knowing, voluntary and intelligent (see People v Thomas, 34 NY3d 545, 559-561, 564 [2019]; People v Sanders, 25 NY3d 337, 340-341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]). To that end, an appeal waiver was recited as a condition of the plea agreement. Supreme [*2]Court made clear its separate and distinct nature and answered defendant's questions. Defendant, assisted by counsel, also signed a written waiver. As such, defendant's appeal waiver was valid (see People v Burnett, 186 AD3d 1837, 1837-1838 [2020]). "[G]enerally, an appeal waiver will encompass any issue that does not involve a right of constitutional dimension going to the very heart of the process" (People v Lopez, 6 NY3d at 255 [internal quotation marks and citation omitted]) and, consequently, we have held that a statutory speedy trial claim is precluded by a valid appeal waiver (see People v Harrison, 176 AD3d 1262, 1264 [2019], lv denied 34 NY3d 1016 [2019]; People v Gardiner, 159 AD3d 1233, 1234 [2018], lv denied 31 NY3d 1082 [2018]; People v Devino, 110 AD3d 1146, 1147 [2013]). We agree with the First Department that the enactment of CPL 30.30 (6) does not alter that analysis (see People v Person, 184 AD3d 447, 447 [2020], lv denied 35 NY3d 1069 [2020]; see also People v Acosta, ___ AD3d ___, ___, 2020 NY Slip Op 07466, *1 [2020]). Accordingly, we find that, prospectively — for judgments rendered after January 1, 2020 — "the phrase 'shall be reviewable' in CPL 30.30 (6) unequivocally directs that appellate review of a CPL 30.30 claim shall no longer be forfeited by a guilty plea," but that "neither that phrase, nor any other language in the statute, precludes a voluntary waiver" (People v Person, 184 AD3d at 448, quoting CPL 30.30 [6]). As a consequence, we hold that defendant's statutory speedy trial claim is precluded by his valid appeal waiver.
Defendant appears to further argue that his constitutional speedy trial rights were violated. Although this claim survives a guilty plea and waiver of appeal (see People v Callahan, 80 NY2d 273, 282 [1992]), it is unpreserved for our review because it was not raised before Supreme Court (see People v Grays, 179 AD3d 1149, 1150 [2020]; People v Marshall, 173 AD3d 1257, 1258 [2019]; People v Gardiner, 159 AD3d at 1234; People v Grumberg, 153 AD3d 1525, 1526-1527 [2017]). Moreover, in the absence of a motion on this ground before Supreme Court, "the record has not been sufficiently developed to permit adequate review of this issue" (People v Grumberg, 153 AD3d at 1527; see People v Grays, 179 AD3d at 1150). Finally, the plea agreement was not impermissibly conditioned on waiving any constitutional speedy trial claim so as to fall within the mode of proceedings exception to the preservation rule (compare People v Hanley, 20 NY3d 601, 605 n 2 [2013]; People v Blakley, 34 NY2d 311, 313-315 [1974]; People v Wright, 119 AD3d 972, 973-974 [2014]). We have considered defendant's remaining contentions and find that none has merit.
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Although defendant filed an omnibus motion directed at the original indictment and thereafter directed at the superseding indictment, defendant's statutory speedy trial motion was directed at the original indictment and declaration of readiness and was not recast against the superseding indictment.