People v Leggett (2023 NY Slip Op 04824)

People v Leggett

2023 NY Slip Op 04824

Decided on September 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 28, 2023

Before: Webber, J.P., Friedman, González, Rodriguez, Pitt-Burke, JJ. 

Ind. No. 1803/21 Appeal No. 644 Case No. 2022-02296 

[*1]The People of the State of New York, Respondent,
v
Chase Leggett, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Karen Brill of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Molly Morgan of counsel), for respondent.

Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered May 25, 2022, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a prison term of 3 years, followed by 1½ years of postrelease supervision, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the mandatory surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant made a valid waiver of his right to appeal, and we reject his challenges to the validity of the waiver (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]). This waiver "forecloses appellate review of a sentencing court's discretionary decision to deny youthful offender status" (see People v Derryan J., 157 AD3d 540, 540 [1st Dept 2018], lv denied 31 NY3d 1012 [2018]). Defendant's valid waiver of his right to appeal also forecloses review of his excessive sentence claim (see People v Gonzalez, 178 AD3d 440 [1st Dept 2019], lv denied 35 NY3d 941 [2020]). In any event, we perceive no basis for reducing the sentence.
Based on our own interest of justice powers, and with the People's consent, we vacate the mandatory surcharge and fees imposed at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2023