People v Gore (2024 NY Slip Op 00914)

People v Gore

2024 NY Slip Op 00914

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2020-03078
 (Ind. No. 1782/17)

[*1]The People of the State of New York, respondent, 
v
Cadine Gore, appellant. Patricia Pazner, New York, NY (Anders Nelson of counsel), for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Edan Benmelech of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gene Lopez, J.), rendered February 6, 2020, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
We note as an initial matter, that as of January 1, 2020 (see L 2019, ch 59, § 1, part KKK, §§ 1, 2), "[a]n order finally denying a motion to dismiss pursuant to [CPL 30.30(1)] shall be reviewable upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty" (CPL 30.30[6]; see People v Jackson, 207 AD3d 1080, 1080). Here, the defendant's challenge to the denial of his statutory speedy trial motion is reviewable on appeal. Although the defendant pleaded guilty on December 2, 2019, the judgment of conviction was not rendered until February 6, 2020, after the effective date of the statute (see People v Votaw, 190 AD3d 1162, 1163-1164; People v Person, 184 AD3d 447, 447-448; cf. People v George, 199 AD3d 831, 832; People v Lara-Medina, 195 AD3d 542, 542).
However, the defendant validly waived his right to appeal. Although the written waiver of the right to appeal included incorrect statements of the applicable law, the record demonstrates that, under the totality of the circumstances, including the Supreme Court's oral colloquy, the defendant's consultation with counsel, and the defendant's age and experience, the defendant had a full appreciation of the terms and consequences of the appeal waiver (see People v Reyes-Guzman, 222 AD3d 887, 887; People v Stacker, 206 AD3d 766, 766; People v Yakubov, 204 AD3d 1043, 1044; People v Lawrence, 184 AD3d 587, 587). "'[G]enerally, an appeal waiver will encompass any issue that does not involve a right of constitutional dimension going to the very heart of the process,'" including a defendant's statutory speedy trial claim (People v Votaw, 190 AD3d at 1164, quoting People v Lopez, 6 NY3d 248, 255). Contrary to the defendant's contention, "the enactment of CPL 30.30(6) does not alter that analysis" (People v Votaw, 190 AD3d at 1164; see People v Person, 184 AD3d at 448).
Accordingly, the defendant's valid waiver of his right to appeal precludes appellate review of his contention that the Supreme Court should have granted his motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial [*2](see People v Votaw, 190 AD3d at 1163-1164).
DILLON, J.P., IANNACCI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court