People v Montano (2025 NY Slip Op 01110)

People v Montano

2025 NY Slip Op 01110

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2022-05642
 (Ind. No. 1183/19)

[*1]The People of the State of New York, respondent,
v
David Montano, appellant.

Patricia Pazner, New York, NY (Sam Feldman of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Ronald Eniclerico of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered July 5, 2022, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
"We note as an initial matter, that as of January 1, 2020 (see L 2019, ch 59, § 1, part KKK, §§ 1, 2), '[a]n order finally denying a motion to dismiss pursuant to [CPL 30.30 (1)] shall be reviewable upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty'" (People v Gore, 224 AD3d 848, 848, quoting CPL 30.30[6]). Here, since the judgment of conviction was rendered after the effective date of the statute, the defendant's challenge to the Supreme Court's denial of his motion to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial is reviewable on appeal, despite his plea of guilty (see id.; People v Votaw, 190 AD3d 1162, 1163-1164; cf. People v George, 199 AD3d 831, 832).
However, contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 558-564; People v Lopez, 6 NY3d 248, 255-257; People v Williams, 180 AD3d 814, 814). The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the court's denial of his statutory speedy trial motion (see People v Gore, 224 AD3d at 848-849; People v Votaw, 190 AD3d at 1163-1164; People v Person, 184 AD3d 447, 448), as well as his contention that the sentence imposed was excessive (see People v Cabral, 223 AD3d 839, 839; People v Stevens, 203 AD3d 958, 959-960).
DILLON, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court