People v Ceballos (2025 NY Slip Op 02017)

People v Ceballos

2025 NY Slip Op 02017

Decided on April 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 03, 2025

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Pitt-Burke, Michael, JJ. 

SCI No. 72022/22 Ind. Nos. 2146/19 2344/19|Appeal No. 4045|Case No. 2022-04070|

[*1]The People of the State of New York, Respondent,
v
Leandro Ceballos, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Elizabeth M. Vasily of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Christian Rose of counsel), for respondent.

Judgment, Supreme Court, New York County (James M. Burke, J., at motions; Ann E. Scherzer, J., at plea and sentencing), rendered September 13, 2022, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony drug offender, to an aggregate term of 2 to 4 years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094, 1096 [2016]), which forecloses review of his statutory speedy trial claim (see People v Person, 184 AD3d 447, 447-448 [1st Dept 2020], lv denied 35 NY3d 1069 [2020]; see also People v Suber, 231 AD3d 447 [1st Dept 2024]).
As the trial court never ruled on defendant's constitutional speedy trial claim, and defendant did not alert the court to this omission although he had the opportunity to do so, his constitutional speedy trial claim is unpreserved (see e.g. People v Holmes, 202 AD3d 519, 520 [1st Dept 2022], lv denied 38 NY3d 1008 [2022]; see generally People v Callahan, 80 NY2d 273, 282 [1992]; People v Dunbar, 222 AD3d 493, 494 [1st Dept 2023], lv denied 41 NY3d 942 [2024]).
Were we to consider his claim on the merits, we would conclude that defendant has not shown that he was deprived of his constitutional right to a speedy trial as he has not made a persuasive showing of specific prejudice or demonstrated that the delay was so egregious as to warrant dismissal regardless of specific prejudice. We also find nothing in the record to suggest that the delay had any deleterious effect on the defense (see People v Taranovich, 37 NY2d 442, 445 [1975]). Moreover, we note that as defendant was at liberty during most of the relevant time, he was not prejudiced by incarceration (see People v Delgado, 161 AD3d 528, 529 [1st Dept 2018], lv denied 31 NY3d 1146 [2018]).
Defendant's waiver of the right to appeal also forecloses review of his Second Amendment claim premised on New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see People v Johnson, 225 AD3d 453 [1st Dept 2024], lv granted 42 NY3d 939 [2024]; People v Jackson, 225 AD3d 547 [1st Dept 2024], lv denied 41 NY3d 1002 [2024]).
Even if the appeal waiver were invalid, defendant failed to preserve his Second Amendment claim (People v Cabrera, 41 NY3d 35, 42-51 [2023]; People v Khan, 225 AD3d 552, 552 [1st Dept 2024], lv denied 41 NY3d 1019 [2024]), and we decline to consider it in the interest of justice. As an alternative holding, we find that defendant lacks standing to assert the Second Amendment challenge (see id. at 552), and that he failed to establish that his conviction is unconstitutional (id.).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: April 3, 2025