People v Smith (2025 NY Slip Op 02355)

People v Smith

2025 NY Slip Op 02355

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LILLIAN WAN
PHILLIP HOM, JJ.

2022-05460
 (Ind. No. 1100/20)

[*1]The People of the State of New York, respondent,
v
Matthew Smith, appellant.

Patricia Pazner, New York, NY (Russ Altman-Merino of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Julian Joiris, and Isaac Rounseville of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Raymond Rodriguez, J.), rendered June 30, 2022, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Hendricks, 224 AD3d 705, 705-706). Contrary to the defendant's contention, he did not admit his guilt to the offense of which he was convicted until after the Supreme Court had discussed the waiver of the right to appeal with him (see People v Hendricks, 224 AD3d at 706). Generally, "an appeal waiver will encompass any issue that does not involve a right of constitutional dimension going to the very heart of the process, including a defendant's statutory speedy trial claim" (People v Gore, 224 AD3d 848, 848 [internal quotation marks omitted]; see People v Lopez, 6 NY3d 248, 255). "Contrary to the defendant's contention, the enactment of CPL 30.30(6) does not alter that analysis" (People v Gore, 224 AD3d at 849 [internal quotation marks omitted]; see People v Votaw, 190 AD3d 1162, 1164).
Accordingly, the defendant's valid waiver of his right to appeal precludes appellate review of his contentions that the Supreme Court should have granted his motions pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial (see People v Gore, 224 AD3d at 849).
BARROS, J.P., WARHIT, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court