People v Meeks (2025 NY Slip Op 05993)

People v Meeks

2025 NY Slip Op 05993

Decided on October 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 30, 2025

CR-23-0881
[*1]The People of the State of New York, Respondent,
v
Frisco A. Meeks, Appellant.

Calendar Date:September 11, 2025

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Edward E. Kopko, Ithaca, for appellant.
Kirk O. Martin, District Attorney, Owego (Torrance L. Schmitz of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Tioga County (Gerald Keene, J.), rendered December 9, 2022, convicting defendant following a nonjury trial of the crimes of burglary in the second degree, petit larceny and grand larceny in the fourth degree.
On the morning of July 25, 2020, defendant and another individual were dropped off at the Robert Packer Hospital in Sayre, Pennsylvania seeking treatment for gunshot wounds that the pair had sustained during an attempted burglary in the Town of Enfield, Tompkins County. While at the hospital, defendant told a local Pennsylvania police officer that, after leaving a party with the other individual, they were both shot in a park close to the hospital. During his stay in the hospital, local law enforcement searched defendant's phone and discovered a photograph of a bank statement that ultimately implicated defendant in another burglary that took place two days prior in the Town of Barton, Tioga County. New York State Police arrived at the hospital as part of their investigation into the attempted burglary in Enfield and, thereafter, connected defendant to the Tioga County burglary.
Defendant was subsequently charged by indictment with burglary in the second degree, grand larceny in the third degree and grand larceny in the fourth degree. At a suppression hearing, defendant waived his right to a jury trial and, thereafter, the matter proceeded to a bench trial. After two days of testimony, County Court found defendant guilty of burglary in the second degree and grand larceny in the fourth degree, not guilty of grand larceny in the third degree, but guilty of the lesser included offense of petit larceny. Defendant was subsequently sentenced, as a second felony offender, to a prison term of 12 years, to be followed by five years of postrelease supervision, on his conviction for burglary in the second degree and to lesser concurrent terms of incarceration on the remaining convictions.[FN1] Defendant appeals.
We affirm. Defendant first contends that law enforcement engaged in egregious misconduct in violation of his due process rights warranting reversal of his conviction (see People v Isaacson, 44 NY2d 511, 519 [1978]). Defendant's argument on appeal asserts that law enforcement engaged in such misconduct by illegally detaining him at the hospital where he sought treatment for a gunshot wound that he had suffered during his participation in the Tompkins County burglary. Conversely, during the proceedings before County Court, defendant argued that his purported illegal detention warranted suppression of any and all evidence procured by law enforcement as fruit of the poisonous tree. Accordingly, as defendant failed to argue before County Court that his detention constituted egregious "misconduct [warranting] dismissal on due process grounds" (id. at 520), his argument is unpreserved (see People v Montgomery, 88 NY2d 1041, 1043 [1996]; People v Hutter, 136 AD3d 458, 458 [1st Dept 2016], lv denied 27 NY3d 1070[*2][2016]; People v Colon, 45 AD3d 457, 458 [1st Dept 2007], lv denied 10 NY3d 809 [2008]).
Defendant next contends that County Court erred by admitting a photograph of an image of a bank statement that was found on defendant's phone, which ultimately implicated him in the Tioga County burglary. In response, the People argue that defendant had voluntarily consented to the search of his phone at the hospital. Whether consent to a search is voluntarily given "is a question of fact to be determined based on the totality of the circumstances" (People v Brinkley, 174 AD3d 1159, 1163 [3d Dept 2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 979 [2019]). At the suppression hearing, a police officer from the Sayre Police Department testified that she had interviewed defendant upon his admission to the hospital. According to the officer, defendant advised that he was at a party in Sayre and that he had been shot when he briefly left to get food. Upon further inquiry, defendant could not provide a specific location where the shooting happened, but suggested, among other things, that there was likely a photo of the location on his phone. That prompted the officer to provide defendant with his phone, which was in the custody of the hospital at the time, so he could look through it. However, due to an injury on defendant's finger, he was not able to manipulate the screen and handed the phone back to the officer, directing her "to look through his phone and see what [she] could find." According to the officer, she and defendant looked through various applications on his phone together at his direction, including his photographs. There, the officer observed a photograph of a bank statement, which she took a picture of. The officer testified that there was no indication from defendant's condition at the hospital that he was unable to consent. Although defendant testified to the contrary and insisted that he never provided consent to the officer to look through his phone, the credibility determinations and factual findings of the suppression court are entitled to deference and we find no reason to disturb them on appeal (see People v Crispell, 223 AD3d 941, 943 [3d Dept 2024], lv denied 41 NY3d 964 [2024]; People v Jones, 156 AD3d 960, 962 [3d Dept 2017], lv denied 30 NY3d 1116 [2018]; see also People v Henry, 237 AD3d 1258, 1260 [3d Dept 2025], lv denied 44 NY3d 982 [2025]; People v Johnson, 225 AD3d 927, 931 [3d Dept 2024], lv denied 42 NY3d 927 [2024]). Accordingly, we find no error in County Court's determination to allow the admission of the photograph.
Clark, J.P., Pritzker, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: County Court further directed that defendant's sentence on this case run concurrently to a sentence imposed in Tompkins County for the attempted burglary that defendant was involved in on July 25, 2020.