People v Felix (2025 NY Slip Op 06553)

People v Felix

2025 NY Slip Op 06553

Decided on November 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 25, 2025

Before: Webber, J.P. SEQ CHAPTER \h \r 1, Kennedy, González, Higgitt, Michael, JJ. 

Ind No. 1241/21|Appeal No. 5228|Case No. 2023-05472|

[*1]The People of the State of New York, Respondent,
v
Isaiah Felix, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Hanna Wallace of counsel) for appellant.
Darcel D. Clark, District Attorney, Bronx (Andrew John Loizides of counsel) for respondent.

Judgment, Supreme Court, Bronx County (Jeffrey Rosenblueth, J. at speedy trial motion; Audrey E. Stone, J. at plea and sentencing), rendered September 27, 2023, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to five years of probation, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed on defendant at sentencing, and otherwise affirmed.
Defendant validly waived his right of appeal, which tracked the model colloquy in People v Thomas (34 NY3d 545, 567 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]; see People v Nunez, 220 AD3d 597, 597-598 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]). The court properly separated the right to appeal from the trial rights defendant waived by pleading guilty "without lumping [the right of appeal] into the panoply of rights normally forfeited upon a guilty plea" (People v Sanders, 25 NY3d 337, 341 [2015]). The written waiver "cured any ambiguity in the court's inquiry" (People v Vallient, 74 AD3d 409, 409-410 [1st Dept 2010], lv denied 15 NY3d 896 [2010]). Defendant's valid waiver forecloses review of his speedy trial claim (see People v Person, 184 AD3d 447, 447 [1st Dept 2020], lv denied 35 NY3d 1069 [2020]) and his excessive sentence claim (see People v Sanchez, 223 AD3d 482, 482 [1st Dept 2024], lv denied 41 NY3d 1020 [2024]).
In any event, the 84-day delay caused by the People's inadvertent submission of the grand jury minutes to the incorrect court attorney was excludable because the delay was not based on the People's inaction (see People v Harris, 82 NY2d 409, 412 [1993]). The People submitted the minutes on time to the email address provided to them by the court in a virtual chat, learning only on the next calendar call 84 days later when defendant's omnibus motion was calendared for decision that the email address was for the wrong court attorney. Under the circumstances, "the People's filings . . . suggest . . . an intentional course of action" to timely file the grand jury minutes with the court for review.
We perceive no basis for reducing the sentence.
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Leggett, 219 AD3d 1253, 1253 [1st Dept 2023], lv denied 40 NY3d 1081 [2023]).We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 25, 2025