■ The People of the State of New York, Respondent, v. Paul Sullivan, Appellant.— Judgment of conviction, on plea of guilty, to possession of a narcotic drug as a misdemeanor in violation of section 1751-a of the Penal Law unanimously affirmed, and appeal from order of trial court denying motion to suppress evidence dismissed as academic. The defendant, brought to trial upon an indictment charging unlawful possession of a narcotic drug as a felony in violation of subdivision 3 of section 1751 of the Penal Law applied at the opening of the trial to suppress as evidence the narcotics found in his car by police officers who had entered the car without a search warrant. A hearing was held by the trial court on the application and it was denied. Thereupon, the trial of the defendant upon the indictment proceeded before the court and jury, and following the completion of the testimony of one of the officers, the defendant withdrew his plea of not guilty and voluntarily pleaded guilty to possessing a narcotic drug as a misdemeanor, to cover the indictment. The plea was accepted and the defendant duly convicted. The trial here was held in February, 1962, and defendant sentenced and convicted on April 5, 1962. Section 813-c of the Code of Criminal Procedure, effective April 29, 1962, provides that, if a motion to suppress evidence is denied, it may be "reviewed on appeal from a judgment of conviction notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty". These provisions being remedial and procedural in nature and there being nothing in or accompanying the enactment indicating that the provisions were intended to be limited in their application to future convictions, they are to be applied to this appeal which was taken after the effective date of the statute. (McKinney's Cons. Laws of N. Y., Book 1, Statutes, §§ 54, 55; cf. *People* v

*Konono,* 9 N Y 2d 924.) It appears, however, that the review here of the denial of the motion to suppress the evidence is sought solely as a basis to upset the conviction on the plea of guilty. While there may have been some question as to the sufficiency of the evidence presented on the preliminary hearing, to show probable cause for the action of the officers in the search of defendant's car without a warrant, that such cause did in fact exist was made clearly apparent from the testimony of the officer received prior to the defendant's plea. On direct and on cross-examination, the officer testified that, as he stood outside the car at the open window, he smelled a very heavy odor of smoke of marijuana "within the vehicle". There was also testimony that during a prior period of 10 minutes, the officer had observed a total of 10 to 12 persons in groups of 2 or 3 visit the defendant at the car for a time and stand there, with their hands moving; and that one of such persons was known to have been convicted of policy law and narcotics violation. On the whole, there was a sufficient showing of probable cause for a search of the motor vehicle. (See *Carroll* v. *United States,* 267 U. S. 132, 162; *Johnson* v. *United States,* 333 U. S. 10, 13; *Brinegar* v. *United States,* 338 U. S. 160, 175; also *People* v. *Chong Wing Louie,* 149 Cal. App. 2d 167.) The defendant's plea of guilty was voluntarily made following the testimony upon the trial establishing the existence of probable cause for the search. Undoubtedly, it was advisedly entered into on basis of such testimony and because of the realization that the evidence seized could be properly used against him. Certainly, we have the right to so assume. Under these circumstances, the order denying the motion to suppress the evidence becomes academic. In any event, the error, if any, in denial of such motion does not affect the substantial rights of the defendant. (See Code Crim. Pro., § 542.) Concur — Breitel, J. P., Rabin, Eager, Steuer and Bastow, JJ.