■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OSCAR LEON ROSEN, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered February 19, 1965 on his plea of guilty, convicting him of attempted burglary in the third degree and imposing sentence upon him as a third felony offender. (This appeal attempts to bring up for review an oral decision which denied defendant's motion to suppress a confession.) Action remitted to the trial court for further proceedings in accordance with this decision. In the interim, the appeal will be held in abeyance. A pretrial hearing was held on defendant's motion to suppress his confession. Prior to the making of factual findings, or the entry of an order, the defendant changed his plea to guilty. Section 813-g of the Code of Criminal Procedure, effective July 16, 1965, provides that, if a motion to suppress a confession is denied, it may be reviewed on appeal notwithstanding the fact that such judgment is predicated upon a plea of guilty. Since this statutory provision is procedural and remedial, it will be applied to an appeal which was pending at the effective date of the statute (see *People* v. *Sullivan*, 18 A D 2d 1066). In the absence of a statement of the facts upon which the court relied in disposing of the motion, we cannot properly decide this appeal (see *People* v. *Minnis*, 23 A D 2d 797). Accordingly, on the court's own moton this action is remitted to the trial court for the purpose of: (a) making a decision stating, either by findings or in an opinion, the facts upon which it relied in denying the motion; and (b) the entry of an appropriate order in conformity therewith. In the interim, the pending appeal will be held in abeyance. Beldock, P. J., Ughetta, Christ, Hill and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES JOHNSON, Appellant, v. W. CECIL JOHNSTON, as Superintendent of Matteawan State Hospital, Respondent.— In a habeas corpus proceeding to test the issue of the sanity of a person committed to the Matteawan State Hospital, the relator appeals from a judgment of the Supreme Court, Dutchess County, entered June 18, 1964, which dismissed the writ after a hearing and remanded him to the respondent's custody. Judgment reversed on the law and the facts, without costs, and proceeding remitted to the court below for the purpose of (a) holding a further hearing on the issue presented; and (b) making a determination *de novo* on the basis of the proof adduced upon such further hearing. Upon the further hearing the court should consider the entire medical record of the petitioner and any other medical evidence obtainable from the Matteawan State Hospital. The court must also consider the appearance and behavior of the petitioner. The court may, in its discretion if deemed advisable, order an examination by disinterested medical experts pursuant to statute (Judiciary Law, § 32). We are also of the opinion that prior to the hearing it should be ascertained whether the prosecuting officer will consent to a dismissal of the indictment pursuant to the statute (Code Crim. Pro., § 662-b, subd. 3) in order that the court may then consider proceeding under that provision of law. The court may also, pursuant to sections 722 through 722-e of the County Law and section 188 of the Code of Criminal Procedure, assign counsel to the relator as an indigent patient (see L. 1965, ch. 878). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.