■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LOVE, Appellant. [654 NYS2d 149] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered January 13, 1994, convicting him of robbery in the first degree (three counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant may not challenge the denial of his first motion to dismiss the indictment on speedy trial grounds to the extent that it raised alleged statutory violations. The defendant pleaded guilty and his plea constituted a forfeiture of his statutory speedy trial claims. Moreover, he expressly waived appellate review and his waiver clearly was knowing, intelligent, and voluntary *(see, People v Allen,* 82 NY2d 761). Therefore, the defendant's present challenges to the order denying his first motion to dismiss the indictment on speedy trial grounds insofar as it asserted statutory speedy trial violations, are not properly before us for review *(People v Grandberry,* 223 AD2d 723; *see, People v Cooper,* 226 AD2d 1115).

To the extent the defendant argues that his constitutional speedy trial rights were violated, and that the court erred in

denying his first motion on this basis, his claims are not procedurally barred since constitutional speedy trial claims survive both a plea of guilty and an otherwise efficacious waiver of appellate review *(People v Seaberg,* 74 NY2d 1, 9; *People v Cooper,* 226 AD2d 1115, *supra; People v Grandberry, supra).* However, on the merits we find that the court did not err in denying this branch of the defendant's first motion to dismiss the indictment on speedy trial grounds *(see, People v Murphy,* 212 AD2d 811; *People v Rossi,* 210 AD2d 511; *People v Foster,* 205 AD2d 313; *People v Morales,* 199 AD2d 284).

Nor is the defendant entitled to relief concerning his second motion to dismiss the indictment on speedy trial grounds which was pending at the time he pleaded guilty. This motion primarily raised statutory claims which were both forfeited and expressly waived as a consequence of his plea *(see, People v Nilsen,* 182 AD2d 715). To the extent that his second motion could be characterized as raising constitutional speedy trial claims, these claims have been abandoned *(see, People v Rodriguez,* 50 NY2d 553). "[A] defendant who initially interposes a constitutional speedy trial claim but subsequently abandons it before a determination on the claim is made cannot subsequently raise that claim on appeal" *(People v Sutton,* 80 NY2d 273, 282).

We have reviewed the defendant's remaining contentions and find them to be without merit. Miller, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.