People v Duggins (2021 NY Slip Op 00336)





People v Duggins


2021 NY Slip Op 00336


Decided on January 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

110350

[*1]The People of the State of New York, Respondent,
v
Ronald K. Duggins Jr., Appellant.

Calendar Date: December 16, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Clea Weiss, Ithaca, for appellant.
Palmer J. Pelella, Special Prosecutor, Binghamton, for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered April 9, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
By felony complaints filed in Binghamton City Court on January 20, 2017, defendant was charged with several crimes. On August 11, 2017, an eight-count indictment was handed up in County Court charging defendant with numerous crimes related to the incident reflected in the felony complaints. That same day, the People filed a notice of readiness. Defendant moved to dismiss the charges, claiming a violation of his statutory speedy trial right, which the People opposed. County Court denied defendant's motion. Defendant thereafter pleaded guilty to a reduced count of criminal possession of a controlled substance in the fifth degree, in satisfaction of the indictment. He was sentenced, as a second felony drug offender with a violent predicate felony, to a prison term of 2½ years, followed by one year of postrelease supervision. Defendant appeals.
Defendant's primary argument is that he is entitled to dismissal of the indictment based on the People's violation of his statutory right to a speedy trial. At the time of defendant's plea in November 2017 and his sentencing in April 2018, it was settled law that a guilty plea forfeited a defendant's right to claim that the trial court erred in denying his or her CPL 30.30 speedy trial motion (see People v O'Brien, 56 NY2d 1009, 1010 [1982]; People v Harrison, 176 AD3d 1262, 1264 [2019], lv denied 34 NY3d 1016 [2019]; People v Gardiner, 159 AD3d 1233, 1234 [2018], lv denied 31 NY3d 1082 [2018]). However, CPL 30.30 (6), which was enacted as part of an omnibus budget bill in April 2019 and became effective on January 1, 2020 (see L 2019, ch 59, pt KKK, §§ 1, 2), provides that "[a]n order finally denying a motion to dismiss pursuant to [CPL 30.30 (1)] shall be reviewable upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty." Hence, we must first address whether defendant's current argument is foreclosed by his guilty plea, or whether the statutory amendment adding the new subdivision should be applied to permit review of the CPL 30.30 issue even though the subdivision became effective after the date of defendant's conviction.
"In determining whether a statute should be given retroactive effect," the Court of Appeals has identified two competing "axioms of statutory interpretation" (Matter of Gleason [Micheal Vee, Ltd.], 96 NY2d 117, 122 [2001]; see Matter of OnBank & Trust Co., 90 NY2d 725, 730 [1997]). On one hand, statutory "[a]mendments are presumed to have prospective application unless the Legislature's preference for retroactivity is explicitly stated or clearly indicated" (Matter of Gleason [Micheal Vee, Ltd.], 96 NY2d at 122; see Matter of Regina Metro. Co., LLC v New York State Div. of [*2]Hous. & Community Renewal, 35 NY3d 332, 370 [2020]). On the other hand, as an exception to that general rule, "remedial legislation or statutes governing procedural matters should be applied retroactively" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584 [1998] [internal quotation marks omitted]), unless such application would "impair vested rights or bestow additional rights" (Matter of City of New York [Long Is. Sound Realty Co.], 160 AD2d 696, 697 [1990]; see Aguaiza v Vantage Props., LLC, 69 AD3d 422, 423 [2010]; Matter of Cady v County of Broome, 87 AD2d 964, 965 [1982], lv denied 57 NY2d 602 [1982]). Courts must attempt to discern the Legislature's intent, first by looking to the language of the statute and, if necessary, considering legislative history and other guides (see Matter of Gleason [Micheal Vee, Ltd.], 96 NY2d at 122-123; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 583-584).
The Court of Appeals has "recognized that application of a new statute to conduct that has already occurred may, but does not necessarily, have 'retroactive' effect upsetting reliance interests and triggering fundamental concerns about fairness" (Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d at 365). In the context of a civil action, the Court noted that a statute generally should not be given "retroactive effect if it would impair rights a party possessed when he [or she] acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed, thus impacting substantive rights" (id. [internal quotation marks and citation omitted]). "On the other hand, a statute that affects only the propriety of prospective relief or the nonsubstantive provisions governing the procedure for adjudication of a claim going forward has no potentially problematic retroactive effect even when the liability arises from past conduct" (id. [internal quotation marks and citation omitted]).
"Th[e] deeply rooted presumption against retroactivity is based on elementary considerations of fairness that dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly. . . . [C]areful consideration of retroactive statutes is warranted because the Legislature's unmatched powers allow it to sweep away settled expectations suddenly and without individualized consideration and its responsivity to political pressures poses a risk that it may be tempted to use retroactive legislation as a means of retribution against unpopular groups or individuals" (id. at 370 [internal quotation marks, brackets and citations omitted]).
"Indeed, it is a bedrock rule of law that, absent an unambiguous statement of legislative intent, statutes that revive time-barred claims if applied retroactively will not be construed to have that effect" (id. at 371 [citations omitted]).
The amendment adding CPL 30.30 (6), if given retroactive effect to [*3]cases where a pleading defendant had been sentenced prior to the amendment's effective date, would essentially revive an appellate argument that would previously have been forfeited by the guilty plea. The People may have relied upon such long-established forfeiture when negotiating and entering into plea agreements, and defendants were presumably aware that they were forfeiting such appellate arguments by accepting guilty pleas. Thus, applying CPL 30.30 (6) retroactively may deny the People some of the benefit of their bargain — while otherwise holding them to that bargain — and bestow on defendants something that they had agreed to forgo as part of the plea bargain. This unfairness to a party should not be countenanced, as all parties — including the People — should be able to rely on the law as it existed at the time that the bargain was struck.
Moreover, CPL 30.30 (6) is not merely procedural. Subdivision (6) does not address how an appeal may be taken or perfected; it addresses the potential substance of a defendant's appellate arguments, i.e., whether he or she may raise a statutory speedy trial claim (but see People v Rosen, 24 AD2d 1009, 1009 [1965]; People v Sullivan, 18 AD2d 1066, 1066 [1963]). Furthermore, the Legislature did not clearly express — in either the statutory language or legislative history — an intention for the newly-enacted provision to be applied retroactively (compare Matter of Duell v Condon, 84 NY2d 773, 784 [1995]). Indeed, "a postponement of the effective date of a statute . . . is some evidence that the Legislature never intended it to be retroactive" (Matter of Mulligan v Murphy, 14 NY2d 223, 226 [1964]; see People v Walker, 26 AD3d 676, 677 [2006]). Here, the Legislature set a January 1, 2020 effective date for this legislation, more than eight months after it was passed in April 2019 (see L 2019, ch 59, pt KKK, § 2). Previous stand-alone versions of a bill that would have amended CPL 30.30 in much the same manner as was ultimately done in the omnibus budget bill — including by adding what is now CPL 30.30 (6) — contained language that would have made those bills effective 60 days after their enactment (see 2019 NY Senate Bill S1738 §§ 3, 4; 2018 NY Senate Bill S7006B §§ 3, 4). The extended postponement of the effective date of this amendment in the bill that was ultimately passed indicates an intention to delay its application, which militates against applying it retroactively. Under all the circumstances, including the presumption that legislation shall be applied prospectively (see Matter of Gleason [Micheal Vee, Ltd.], 96 NY2d at 122), we conclude that CPL 30.30 (6) does not apply in cases where the sentence was imposed prior to the effective date of January 1, 2020. Accordingly, defendant, by pleading guilty, forfeited his right to raise a statutory speedy trial argument (see People v O'Brien, 56 NY2d at 1010; People v Harrison, 176 AD3d at 1264).
As defendant's claim of ineffective assistance [*4]of counsel is not alleged to have affected the voluntariness of his plea, that argument is also precluded (see People v Petgen, 55 NY2d 529, 535 n 3 [1982]). However, the parties agree that defendant's certificate of conviction and uniform sentence and commitment form incorrectly state that he was sentenced as a second felony offender, rather than as a second felony drug offender with a violent predicate felony (see Penal Law § 70.70 [4] [b] [iii]). We remit for County Court to correct these erroneous notations (see People v Sanders, 185 AD3d 1280, 1287-1288 [2020], lv denied 35 NY3d 1115 [2020]).
Garry, P.J., Egan Jr., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form and an amended certificate of conviction.