People v Lara-Medina (2021 NY Slip Op 03997)





People v Lara-Medina


2021 NY Slip Op 03997


Decided on June 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 22, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Mendez, JJ. 


Ind No. 4238/16 4238/16 Appeal No. 14102 Case No. 2019-3115 

[*1]The People of the State of New York, Respondent,
v
Eraldito Lara-Medina, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgment, Supreme Court, New York County (Micki A. Scherer, J. at speedy trial motion and plea; Ellen N. Biben, J. at sentencing), rendered February 28, 2019, convicting defendant of assault in the second degree, and sentencing him to a term of one day, with five years' probation, unanimously modified, as a matter of discretion in the interest of justice, to the extent of waiving the mandatory surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied __ US __, 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094, 1096 [2016]). The requirements of such a waiver were satisfied by the court's colloquy with defendant taken together with a written waiver, which, as the court confirmed, defendant discussed with his counsel and understood. Defendant was made aware, before pleading guilty, that the plea agreement would involve an appeal waiver. Defendant was not misinformed of the rights given up by the waiver, which "was comprehensive and intended to encompass all waivable issues" (People v Person, 184 AD3d 447, 447 [1st Dept 2020], lv denied 35 NY3d 1069 [2020]). We have considered and rejected defendant's remaining arguments concerning the validity of the waiver. This waiver forecloses review of defendant's statutory speedy trial (see id. at 447-448) and excessive sentence claims.
Regardless of whether defendant made a valid waiver of his right to appeal, his guilty plea rendered his speedy trial claim unreviewable, because he was convicted before the effective date of the current version of CPL 30.30(6). While the recent amendment permits defendants who pleaded guilty to raise statutory speedy trial claims on appeal, that amendment is not retroactive because the legislature evinced no intent to apply it retroactively, and because the amendment bestows a new right (People v Duggins, 192 AD3d 191, 195 [3d Dept 2021], lv denied 36 NY3d 1096 [2021]). We perceive no basis for reducing the sentence; however, based on the People's consent as a matter of prosecutorial discretion, and pursuant to our own interest of justice powers, we waive the surcharge and fees imposed at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2021