People v George (2021 NY Slip Op 06189)





People v George


2021 NY Slip Op 06189


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2017-01765
 (Ind. No. 10176/14)

[*1]The People of the State of New York, respondent,
v
Infinite George, appellant.


Patricia Pazner, New York, NY (Mark W. Vorkink of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Jill A. Gross-Marks of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered November 9, 2016, convicting him of attempted criminal sale of a controlled substance in the third degree and criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
By pleading guilty, the defendant forfeited appellate review of his claims that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30 (see People v O'Brien, 56 NY2d 1009, 1010; People v Howe, 56 NY2d 622; People v Hernandez, 176 AD3d 1100, 1101; People v Briggs, 123 AD3d 1051).
Contrary to the defendant's contention, the recent amendment to CPL 30.30 does not affect the defendant's forfeiture of his statutory speedy trial claim. As amended, CPL 30.30(6) provides that a statutory speedy trial claim "shall be reviewable upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment [was] entered upon a plea of guilty." However, that amended provision did not go into effect until after the defendant pleaded guilty and the judgment of conviction was rendered (see L 2019, ch 59, part KKK, §§ 1, 2). Further, that provision does not apply retroactively. Generally, statutory amendments "'are presumed to have prospective application unless the Legislature's preference for retroactivity is explicitly stated or clearly indicated'" by the language of the statute and legislative history (People v Duggins, 192 AD3d 191, 193, quoting Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122). The language of CPL 30.30(6) does not include any express indication that it was to have retroactive effect. Indeed, the provision itself indicated that it was not to take effect for nearly eight months (see CPL 30.30[6]). In addition, the statute affects the rights of the parties and "bestows a new right" upon defendants (People v Lara-Medina, 195 AD3d 542, 542; see People v Duggins, 192 AD3d at 195). Given the language and effect of CPL 30.30(6), that provision cannot properly be construed as applying retroactively (see People v Lara-Medina, 195 AD3d 542; People v Duggins, 192 AD3d at 194-195).
RIVERA, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court