People v Forbes (2022 NY Slip Op 01805)





People v Forbes


2022 NY Slip Op 01805


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2017-01282
 (Ind. No. 10067/15)

[*1]The People of the State of New York, respondent,
v
Terell Forbes, appellant.


Patricia Pazner, New York, NY (Ava C. Page of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Roni C. Piplani, and Adarna De Frietas of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered December 19, 2016, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court erred in denying his CPL 30.30 motion may not be reviewed on appeal. The defendant "forfeited his right to claim that he was deprived of a speedy trial under CPL 30.30" upon his plea of guilty (People v O'Brien, 56 NY2d 1009, 1010; see People v Hansen, 95 NY2d 227, 231 n 3; People v Friscia, 51 NY2d 845, 847). Contrary to the defendant's contention, CPL 30.30(6), which provides that a statutory speedy trial claim "shall be reviewable upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment [was] entered upon a plea of guilty," does not apply to this case so as to permit the defendant to raise his statutory speedy trial claim on appeal (see People v George, 199 AD3d 831; People v Lara-Medina, 195 AD3d 542; People v Duggins, 192 AD3d 191). That provision, which did not go into effect until after the defendant entered his plea of guilty and the judgment of conviction was rendered, does not apply retroactively (see People v George, 199 AD3d 831; People v Lara-Medina, 195 AD3d 542; People v Duggins, 192 AD3d 191).
The Supreme Court properly denied the defendant's motion to controvert the search warrant. When an application for a search warrant relies on information provided by an undisclosed informant, it must meet the Aguilar-Spinelli two-prong test (see Spinelli v United States, 393 US 410; Aguilar v Texas, 378 US 108). "It must demonstrate to the issuing Magistrate (i) the veracity or reliability of the source of the information, and (ii) the basis of the informant's knowledge based on some minimum, reasonable showing" (People v Ryan, 191 AD2d 473, 474 [internal quotation marks omitted]; see People v Griminger, 71 NY2d 635, 639). "Although great deference is accorded to a Judge's determination that probable cause existed, and the application for the warrant must be read in a common sense and realistic manner, courts should not blithely accept as true the accusations of an informant unless some good reason for doing so has been established" (People v Ryan, 191 AD2d at 474 [citations and internal quotation marks omitted]; see People v Rodriguez, 52 NY2d 483). "Thus, before the police can act upon the informant's [information], they must be prepared to demonstrate that they had good reason to believe that this particular informant was [*2]telling the truth" (People v Rodriguez, 52 NY2d at 489).
Contrary to the defendant's contention, the confidential informant's basis of knowledge was sufficiently established. The information provided by the informant was based on personal observations and knowledge, much of which was corroborated by the warrant applicant's own observations and investigation (see People v Baptista, 130 AD3d 1541, 1541-1542; People v Parker, 256 AD2d 362, 362; People v Diaz, 231 AD2d 915, 915). Moreover, the information provided by the informant was "of such quality, considering its source and the circumstances in which it came into possession of the informant, that a reasonable observer would be warranted in determining that the basis of the informant's knowledge was such that it led logically to the conclusion that a crime had been . . . committed" (People v Jean-Charles, 226 AD2d 395, 396 [internal quotation marks omitted]).
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court