People v Gardner (2022 NY Slip Op 02816)

People v Gardner

2022 NY Slip Op 02816

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.

2019-03012
 (Ind. No. 5377/04)

[*1]The People of the State of New York, respondent,
v
Franklin Gardner, appellant.

Patricia Pazner, New York, NY (Cynthia Colt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Seth M. Lieberman, and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew A. Sciarrino, Jr., J.), rendered July 6, 2018, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On August 28, 1994, a 15-year-old girl was forced onto a Brooklyn rooftop and raped at gunpoint. A semen sample was collected following the assault, but no suspect was identified at the time. In 2002, as part of a backlog project, the semen sample was tested, and a male DNA profile was developed and uploaded into law enforcement DNA databases. Although no match was found, on August 25, 2004, an indictment was issued based upon the developed DNA profile, charging John Doe with, among other crimes, rape in the first degree.
Sometime in 2013, in relation to the defendant's incarceration in New Jersey, a sample of his DNA was taken and the profile developed therefrom was uploaded into the law enforcement DNA databases. In December 2013, the New York City Police Department (hereinafter NYPD) received a "hit" on the DNA profile generated from the semen sample in this case and the DNA profile generated from the sample taken from the defendant in New Jersey. An NYPD detective was assigned to locate the victim, but was unsuccessful in her efforts. On October 29, 2015, while the defendant was on parole in New York, a sample of his DNA was taken by the New York State Department of Corrections and Community Supervision, a profile was developed, and that profile was found to match the DNA profile of the John Doe indicted in this case. The following day, the investigation was reassigned to a detective in the recently created DNA cold case unit in the special victims division of the NYPD. Utilizing information that had been unavailable two years prior, the detective was able to identify errors in the information given to the prior detective concerning the victim and, eventually, in December 2015, was able to locate the victim, who no longer resided in New York City. After the detective interviewed the victim, she arrested the defendant on December 15, 2015.
The defendant moved pursuant to CPL 30.30 to dismiss the indictment on statutory speedy trial grounds. Following a hearing, the Supreme Court denied the motion. The defendant [*2]then moved, inter alia, to dismiss the indictment on the ground that his right to due process of law was violated by the delay in prosecution, and the court denied that branch of the motion. The defendant subsequently moved to dismiss the indictment on the ground that his constitutional rights to a speedy trial were violated by the delay between the December 2013 DNA match and his arrest two years later, and the court denied that motion. Following the denial of the motions, the defendant pleaded guilty to rape in the first degree in satisfaction of the indictment and was sentenced in accordance with the plea agreement.
When the defendant entered a plea of guilty, he forfeited his right to claim that he was deprived of his statutory right to a speedy trial under CPL 30.30 (see People v O'Brien, 56 NY2d 1009, 1010; People v Suarez, 55 NY2d 940, 942). Contrary to the defendant's contention, the recent amendment to CPL 30.30 does not affect the defendant's forfeiture of his statutory speedy trial claim, as the amendment is not retroactive and did not go into effect until after the defendant's judgment of conviction was entered (see L 2019, ch 59, part KKK, §§ 1, 2; People v George, 199 AD3d 831, 832).
Although the defendant's plea of guilty did not forfeit his right to raise his constitutional claims on appeal (see People v Taylor, 65 NY2d 1, 5; People v Love, 236 AD2d 488, 489), they are, nonetheless, without merit. An unjustified delay in prosecution deprives a defendant of the state constitutional right to due process (see NY Const, art I, § 6; People v Decker, 13 NY3d 12, 14; People v Staley, 41 NY2d 789, 791). Once accused, a defendant has a federal constitutional right to a speedy trial (see US Const 6th, 14th Amends; United States v Marion, 404 US 307; People v Taranovich, 37 NY2d 442, 444). In determining whether there has been a violation of the defendant's constitutional right to a speedy trial or to prompt prosecution, the Court of Appeals has identified several factors to be considered in both inquiries: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (People v Taranovich, 37 NY2d at 445; see People v Decker, 13 NY3d at 14-15). "[N]o one factor or combination of the factors . . . is necessarily decisive or determinative . . . , but rather the particular case must be considered in light of all the factors as they apply to it" (People v Taranovich, 37 NY2d at 445; see People v Wiggins, 31 NY3d 1, 10).
Here, the defendant contends that the 21-year delay between the crime and his arrest violated his due process right to a prompt prosecution. While the delay of approximately 21 years was substantial (see People v Decker, 13 NY3d at 15; People v Romeo, 47 AD3d 954, 957, affd 12 NY3d 51), the People met their burden of demonstrating good cause for the delay (see People v Decker, 13 NY3d at 15; People v Innab, 182 AD3d 142, 145; People v Mattison, 162 AD3d 905, 906). Nineteen years of the subject delay was due to the lack of connection between the semen sample collected at the time of the rape in 1994 and the defendant's DNA profile, which was not developed and uploaded to the law enforcement databases until 2013. Once the police were able to identify a viable suspect, they had a good-faith basis to wait until they could locate the victim to arrest the defendant. Furthermore, the detectives' hearing testimony established that the police made reasonable and diligent efforts to locate the victim, and the defendant was arrested immediately after a detective located and interviewed the victim (see People v Innab, 182 AD3d at 145-146; People v Mattison, 162 AD3d at 906). The extent of the delay in prosecution is outweighed by the People's good cause for the delay, the nature of the crime, the fact that there was no period of pretrial incarceration during the period at issue, and the lack of any prejudice from the delay identified by the defendant. We are satisfied that the defendant was not deprived of his due process right to prompt prosecution (see People v Decker, 13 NY3d at 15-16; People v Vernace, 96 NY2d 886, 888; People v Jones, 187 AD3d 934, 935; People v Innab, 182 AD3d at 146; People v Mattison, 162 AD3d at 906-907).
Contrary to the defendant's contention, no further hearing was necessary on his motion to dismiss the indictment on due process grounds because the record was fully developed as to the reasons for the delay (see People v Gathers, 65 AD3d 704; People v Smith, 60 AD3d 706, 707).
The defendant identifies December 2013, when the NYPD received a "hit" matching his DNA profile to the DNA profile generated from the semen sample in this case, as the time that he was accused of this crime. He contends that the two-year delay from accusation until his arrest violated his constitutional right to a speedy trial. Balancing the factors discussed above, this two-year delay did not deprive the defendant of his constitutional right to a speedy trial. As noted, the People presented evidence demonstrating reasonable and diligent efforts during that time to locate the victim, who was a material witness, before arresting the defendant (see People v Guerrero, 28 NY3d 110, 117-118; People v Brown, 90 AD3d 556; People v Cruz, 293 AD2d 412; People v Rodriguez, 81 AD2d 840, 841).
The sentence imposed was not excessive (see CPL 470.15[6][b]; People v Suitte, 90 AD2d 80).
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court