People v Dennis (2022 NY Slip Op 04054)

People v Dennis

2022 NY Slip Op 04054

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

111859
[*1]The People of the State of New York, Respondent,
v
Morris Dennis, Appellant.

Calendar Date:June 2, 2022

Before:Garry, P.J., Egan Jr., Lynch, Reynolds Fitzgerald and McShan, JJ.

Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Egan Jr., J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered September 23, 2019, convicting defendant upon his plea of guilty of the crime of attempted disseminating indecent material to minors in the first degree.
In June 2018, defendant was charged in a felony complaint with attempted disseminating indecent material to minors in the first degree. Thereafter, in September 2018, defendant's then counsel signed a waiver indicating that defendant was waiving his speedy trial rights under CPL 30.30. The waiver provided, in relevant part, that if defendant or counsel wished to rescind the waiver, the People would have "10 business days to [i]ndict" defendant (emphasis omitted). Counsel revoked the waiver in December 2018, and defendant was indicted and charged with one count of attempted disseminating indecent material to minors in the first degree in February 2019.
Following revocation of the waiver, a dispute arose as to the construction to be accorded to the phrase "10 business days to [i]ndict," prompting newly-appointed defense counsel to move to dismiss the indictment upon speedy trial grounds. County Court denied that motion and, after new counsel again was appointed, defendant pleaded guilty to the charged crime with the understanding that County Court would sentence him as a second felony offender to a prison term of 21 to 42 months. The plea agreement also required defendant to waive his right to appeal. County Court imposed the contemplated sentence, and this appeal ensued.
We affirm. Initially, we reject defendant's claim that the waiver of the right to appeal is invalid. County Court explained that the waiver of the right to appeal was separate and distinct from the trial-related rights that defendant was forfeiting by pleading guilty and expressly delineated those rights that would survive the appeal waiver (see People v Champion-Barse, 201 AD3d 1255, 1255 [2022]; People v Christy, 200 AD3d 1322, 1323 [2021]). Additionally, defendant executed a written waiver of appeal after conferring with counsel and, in response to County Court's inquiries, defendant assured the court that he had read the waiver, understood its contents and had no questions relative thereto (see People v Hall, 204 AD3d 1228, 1228 [2022]; People v Rivera, 201 AD3d 1132, 1133 [2022]). Under these circumstances, and as we otherwise discern no infirmities in the combined oral and written waiver (compare People v Thomas, 34 NY3d 545, 562-563 [2019]), we find that defendant's waiver of the right to appeal was knowing, intelligent and voluntary. In light of the valid appeal waiver, defendant's challenge to the perceived severity of his sentence is precluded (see People v Whitton, 201 AD3d 1259, 1260 [2022]; People v Christy, 200 AD3d at 1323).
Defendant's claim that he was denied his statutory right to a speedy trial is precluded by his valid appeal waiver (see People v Rivera, 201 AD3d at 1133-1134; People v Lara-Medina, 195 [*2]AD3d 542, 542 [2021], lv denied 37 NY3d 993 [2021]; People v Votaw, 190 AD3d 1162, 1164 [2021], lv denied 36 NY3d 1101 [2021]) and, in any event, was forfeited by his guilty plea (see People v Forbes, 203 AD3d 949, 949 [2022], lv denied ___ NY3d ___ [May 27, 2022]; People v Lara-Medina, 195 AD3d at 542). Contrary to defendant's assertion, the enactment of CPL 30.30 (6), which "provides that a statutory speedy trial claim shall be reviewable upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment was entered upon a plea of guilty" (People v George, 199 AD3d 831, 832 [2021] [internal quotation marks and brackets omitted], lv denied 38 NY3d 927 [2022]), does not alter this result. The cited provision did not become effective until January 1, 2020, i.e., after defendant was sentenced in September 2019, and courts have consistently held that the statutory amendment does not apply retroactively (see People v Forbes, 203 AD3d at 949; People v George, 199 AD3d at 832; People v Lara-Medina, 195 AD3d at 542; People v Duggins, 192 AD3d 191, 195 [2021], lv denied 36 NY3d 1096 [2021]). Moreover, although the amendment "unequivocally directs that appellate review of a [CPL] 30.30 claim shall no longer be forfeited by a guilty plea, . . . neither that phrase, nor any other language in the statute, precludes a voluntary waiver" (People v Person, 184 AD3d 447, 448 [2020], lv denied 35 NY3d 1069 [2020]). Hence, defendant's statutory speedy trial claim is precluded by his valid appeal waiver (see People v Votaw, 190 AD3d at 1164). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.