People v Jackson (2022 NY Slip Op 04257)

People v Jackson

2022 NY Slip Op 04257

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND WINSLOW, JJ.

506 KA 20-01351

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TORRENCE JACKSON, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered August 12, 2020. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree (two counts), criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in denying his motion to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30). We reject that contention.
Initially, we note that, as of January 1, 2020 (see L 2019,
ch 59, § 1, part KKK, § 2), "[a]n order finally denying a motion to dismiss pursuant to [CPL 30.30 (1)] shall be reviewable upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty" (CPL 30.30 [6]; cf. People v O'Brien, 56 NY2d 1009, 1010 [1982]; People v Butler, 170 AD3d 1496, 1496-1497 [4th Dept 2019]). Here, defendant's challenge to the denial of his statutory speedy trial motion is reviewable on appeal inasmuch as the judgment on appeal was rendered after the effective date of that statute (cf. People v George, 199 AD3d 831, 832 [2d Dept 2021], lv denied 38 NY3d 927 [2022]; People v Lara-Medina, 195 AD3d 542, 542 [1st Dept 2021], lv denied 37 NY3d 993 [2021]; People v Duggins, 192 AD3d 191, 194-195 [3d Dept 2021], lv denied 36 NY3d 1096 [2021]).
Nevertheless, we conclude that defendant's challenge to the denial of his motion lacks merit. "Where, as here, a felony is included in an indictment, the People must be ready for trial within six months, after subtracting excludable time" (People v Barden, 27 NY3d 550, 553 [2016]; see CPL 30.30 [1] [a]). "The statutory period is calculated by 'computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for exclusion' " (People v Barnett, 158 AD3d 1279, 1280 [4th Dept 2018], lv denied 31 NY3d 1078 [2018], quoting People v Cortes, 80 NY2d 201, 208 [1992], rearg denied 81 NY2d 1068 [1993]).
" '[P]ostreadiness delay may be charged to the People when the delay is attributable to their inaction and directly implicates their ability to proceed to trial' " (People v Fulmer, 87 AD3d 1385, 1385 [4th Dept 2011], lv denied 18 NY3d 994 [2012], quoting People v Carter, 91 NY2d 795, 799 [1998]).
Here, the People announced their readiness for trial within one month of the commencement of the statutory period. Nevertheless, defendant contends that the postreadiness period from March 18, 2019, to December 9, 2019, is chargeable to the People because that delay was caused by adjournments necessitated by the People's inability to obtain certain new evidence, i.e., his fingerprints in a useable form, and thus the statement of readiness was illusory. We conclude, however, that "[a]lthough the People acquired new evidence . . . after they announced their readiness for trial, the People's statement of readiness was not illusory because the People could have proceeded to trial without the [new] evidence" (People v Hewitt, 144 AD3d 1607, 1607-1608 [4th Dept 2016], lv denied 28 NY3d 1185 [2017]; see People v Huddleston, 196 AD3d 1098, 1100 [4th Dept 2021], lv denied 37 NY3d 1060 [2021]; People v Pratt, 186 AD3d 1055, 1057 [4th Dept 2020], lv denied 36 NY3d 975 [2020]). In any event, all except two weeks of that time "is not chargeable to the People because it was the result of '. . . continuance[s] granted by the court at the request of . . . defendant or his counsel' " (Hewitt, 144 AD3d at 1608, quoting CPL 30.30 [4] [b]; see People v Yampierre, 300 AD2d 419, 419 [2d Dept 2002], lv denied 99 NY2d 634 [2003]; cf. generally People v Liotta, 79 NY2d 841, 843 [1992]).
The sentence is not unduly harsh or severe.
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court