People v Rose (2022 NY Slip Op 04649)

People v Rose

2022 NY Slip Op 04649

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
JOSEPH A. ZAYAS, JJ.

2018-05397
 (Ind. No. 2979/16)

[*1]The People of the State of New York, respondent,
v
Laquan Rose, appellant.

Patricia Pazner, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Seth M. Lieberman, and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William Harrington, J.), rendered February 9, 2018, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Cassandra Mullen, J.), without a hearing, of those branches of the defendant's omnibus motion which were to controvert a search warrant and to suppress physical evidence seized in the execution thereof.
ORDERED that the judgment is affirmed.
The defendant was charged in an indictment with, inter alia, criminal possession of a weapon in the second degree, based upon the recovery by the police of a loaded gun upon the execution of a search warrant. The defendant filed an omnibus motion, inter alia, to controvert the search warrant and to suppress the physical evidence seized in the execution thereof. The Supreme Court denied, without a hearing, those branches of the defendant's omnibus motion. The defendant thereafter pleaded guilty to criminal possession of a weapon in the second degree.
The Supreme Court properly denied those branches of the defendant's omnibus motion which were to controvert the search warrant and to suppress the physical evidence seized in the execution thereof. The information provided to the judge who issued the warrant was sufficient to justify a no-knock provision in the warrant (see CPL 690.35[4][b]; People v Israel, 161 AD2d 730, 731). The defendant's contention that the warrant was not supported by probable cause is unpreserved for appellate review and, in any event, without merit (see CPL 470.05[2]; People v Murray, 136 AD3d 714; People v Moshier, 110 AD3d 832, 833).
The defendant's contention that the Supreme Court erred in denying his CPL 30.30 motion may not be reviewed on appeal. By pleading guilty, the defendant forfeited his right to claim that he was deprived of his statutory right to a speedy trial under CPL 30.30 (see People v O'Brien, 56 NY2d 1009, 1010; People v Suarez, 55 NY2d 940, 942). Contrary to the defendant's contention, the recent amendment to CPL 30.30 does not affect the defendant's forfeiture of his statutory speedy trial claim, as the amendment is not retroactive and did not go into effect until after the defendant's judgment of conviction was entered (see People v Gardner, 204 AD3d 1039; People v Forbes, 203 [*2]AD3d 949; People v George, 199 AD3d 831, 832).
By pleading guilty, the defendant forfeited those claims of ineffective assistance of counsel that did not directly involve the plea-negotiation process and sentence (see People v Chacon-Diaz, 203 AD3d 846; People v Johnson, 186 AD3d 743, 744). To the extent that the defendant contends that ineffective assistance of counsel affected the voluntariness of his plea, nothing in the record casts doubt on the apparent effectiveness of counsel (see People v Petgen, 55 NY2d 529, 534-535; People v Price, 203 AD3d 955).
DUFFY, J.P., IANNACCI, RIVERA and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court