People v Misla (2022 NY Slip Op 04646)

People v Misla

2022 NY Slip Op 04646

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2015-09939
 (Ind. No. 1558/14)

[*1]The People of the State of New York, respondent,
v
Matthew Misla, appellant.

Patricia Pazner, New York, NY (Brandon Kronstat of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Theresa Yuan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John B. Latella, J.), rendered December 16, 2014, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court erred in denying his CPL 30.30 motion may not be reviewed on appeal. By pleading guilty, the defendant forfeited appellate review of his claim that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30 (see People v O'Brien, 56 NY2d 1009, 1010; People v Forbes, 203 AD3d 949; People v George, 199 AD3d 831, 832). Contrary to the defendant's contention, CPL 30.30(6), which provides that a statutory speedy trial claim "shall be reviewable upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment [was] entered upon a plea of guilty," does not apply to this case so as to permit the defendant to raise his statutory speedy trial claim on appeal (see People v Forbes, 203 AD3d at 949; People v George, 199 AD3d at 832; People v Lara-Medina, 195 AD3d 542; People v Duggins, 192 AD3d 191). That provision, which did not go into effect until after the defendant entered his plea of guilty and the judgment of conviction was rendered (see L 2019, ch 59, part KKK, §§ 1, 2), does not apply retroactively (see People v Gardner, 204 AD3d 1039; People v Forbes, 203 AD3d 949; People v George, 199 AD3d at 832; People v Lara-Medina, 195 AD3d 542; People v Duggins, 192 AD3d 191).
In light of our determination, we need not reach the defendant's remaining contentions.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court