People v Swain (2023 NY Slip Op 03484)

People v Swain

2023 NY Slip Op 03484

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
REINALDO E. RIVERA
LINDA CHRISTOPHER, JJ.

2018-13932
 (Ind. No. 334/17)

[*1]The People of the State of New York, respondent,
v
Quentin Swain, appellant.

John R. Lewis, Sleepy Hollow, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Edward D. Saslaw of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Nicholas DeRosa, J., at plea; William L. DeProspo, J., at sentence), rendered November 5, 2018, convicting him of vehicular assault in the first degree and driving while intoxicated, upon his plea of guilty, and imposing sentence. By decision and order dated March 10, 2021, this Court remitted the matter to the County Court, Orange County, for further proceedings on the defendant's motion to withdraw his plea of guilty, and thereafter for the submission of a report by the County Court on its determination of the motion (see People v Swain, 192 AD3d 827). The appeal was held in abeyance pending receipt of the report. The County Court (DeProspo, J.) has filed its report.
ORDERED that the judgment is affirmed.
In a decision and order dated March 10, 2021, this Court remitted the matter to the County Court, Orange County, for further proceedings on the defendant's motion to withdraw his plea of guilty (see People v Swain, 192 AD3d 827). Upon remittitur, the County Court held a hearing on the defendant's motion to withdraw his plea. In a report to this Court dated September 15, 2021, the County Court denied the defendant's motion to withdraw his plea of guilty. In a supplemental brief to this Court, the defendant expressly withdrew his contention that the County Court should have granted his motion to withdraw his plea and only challenges the County Court's denial of his motion to dismiss the indictment based upon an alleged speedy trial violation under CPL 30.30.
The defendant's contention that the County Court erred in denying his CPL 30.30 motion may not be reviewed on appeal. By entering a plea of guilty, the defendant forfeited appellate review of his claim that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30 (see People v Rose, 207 AD3d 664, 665; People v Misla, 207 AD3d 660, 660; People v George, 199 AD3d 831; People v Hernandez, 176 AD3d 1100, 1101). Contrary to the defendant's contention, CPL 30.30(6), which provides that a statutory speedy trial claim "shall be reviewable upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment [was] entered upon a plea of guilty," does not apply to this case so as to permit the defendant to raise his statutory speedy trial claim on appeal (see People v Gardner, 204 AD3d 1039, 1040; People v George, 199 AD3d at 832; People v Lara-Medina, 195 AD3d 542, 542). That provision, which did [*2]not go into effect until after the defendant entered his plea of guilty and the judgment of conviction was rendered, does not apply retroactively (see People v Gardner, 204 AD3d at 1040; People v George, 199 AD3d at 832; People v Lara-Medina, 195 AD3d at 542).
The defendant's remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., BRATHWAITE NELSON, RIVERA and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court