People v Dotel (2026 NY Slip Op 00626)

People v Dotel

2026 NY Slip Op 00626

Decided on February 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 10, 2026

Before: Kennedy, J.P., Scarpulla, Gesmer, Mendez, Hagler, JJ. 

Ind. No. 71998/23|Appeal No. 5785|Case No. 2024-06067|

[*1]The People of the State of New York, Respondent,
vRoniel Dotel, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Lindsey Richards of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Guy H. Mitchell, J.), rendered July 18, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to a term of three and one-half years, followed by five years of postrelease supervision, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
Under the "totality of the circumstances," defendant's waiver of the right to appeal was valid (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]). The waiver colloquy mirrored the model colloquy nearly verbatim (see People v Nunez, 220 AD3d 597, 597-598 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]). Furthermore, "[t]he court properly explained defendant's right to counsel on appeal, and did not imply that by waiving appeal, defendant would forfeit his right to appellate counsel for claims that survived the waiver" (People v Yizar, 240 AD3d 416, 416 [1st Dept 2025], lv denied, 44 NY3d 985 [2025]). Defendant's valid waiver of his right to appeal forecloses review of his excessive sentence claim (see Nunez, 220 AD3d at 597). In any event, we perceive no basis for reducing the sentence.
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see e.g. People v Lara-Medina, 195 AD3d 542 [1st Dept 2021], lv denied 37 NY3d 993 [2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2026